MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
BENJAMIN SANTANA, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | |
| | **COLLECTIVE ACTION UNDER** |
| TWIN MOUNT SERVICE STATION INC. | **29 U.S.C. § 216(b)** |
| (D/B/A TWIN MOUNT SERVICE), RAFAEL | |
| SANTANA, and YNDIRA BELLO, | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Benjamin Santana ("Plaintiff Santana" or "Mr. Santana"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Twin Mount Service Station Inc. (d/b/a Twin

Mount Service), ("Defendant Corporation"), Rafael Santana, and Yndira Bello, ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Santana is a former employee of Defendants Twin Mount Service Station

Inc. (d/b/a Twin Mount Service), Rafael Santana, and Yndira Bello.

2.      Defendants own, operate, or control a convenient store, located at 3333 East Tremont

Avenue, Bronx, NY 10461 under the name "Twin Mount Service".

3.      Upon information and belief, individual Defendants Rafael Santana and Yndira Bello, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the convenient store as a joint or unified enterprise.

4.      Plaintiff Santana was employed as a general assistant at the convenient store located at 3333 East Tremont Avenue, Bronx, NY 10461.

5.      At all times relevant to this Complaint, Plaintiff Santana worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Santana appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Santana to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Santana and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.      Plaintiff Santana now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Santana seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Santana's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate convenient store located in this district. Further, Plaintiff Santana was employed by Defendants in this district.

## PARTIES

### Plaintiff

13.     Plaintiff Benjamin Santana ("Plaintiff Santana" or "Mr. Santana") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Santana was employed by Defendants at Twin Mount Service from approximately 1999 until on or about March 20, 2020.

15.     Plaintiff Santana consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### Defendants

16.     At all relevant times, Defendants owned, operated, or controlled a  convenient store, located at 3333 East Tremont Avenue, Bronx, NY 10461 under the name "Twin Mount Service".

17.     Upon information and belief, Twin Mount Service Station Inc. (d/b/a Twin Mount Service) is a domestic corporation organized and existing under the laws of the State of New York.

Upon information and belief, it maintains its principal place of business at 3333 East Tremont Avenue, Bronx, NY 10461.

18.     Defendant Rafael Santana is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rafael Santana is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Rafael Santana possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Santana, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Yndira Bello is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Yndira Bello is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Yndira Bello possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Santana, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20.     Defendants operate a convenient store located in the Pelham Bay section of the Bronx.

21.     Individual Defendants, Rafael Santana and Yndira Bello, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiff Santana's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Santana, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiff Santana (and all similarly situated employees) and are Plaintiff Santana's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiff Santana and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendants Rafael Santana and Yndira Bello operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

      a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

      b)   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Plaintiff Santana's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Santana, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Santana's services.

28.     In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the convenient store on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30.     Plaintiff Santana is a former employee of Defendants who was employed as a general assistant.

31.     Plaintiff Santana seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Benjamin  Santana*

32.     Plaintiff Santana was employed by Defendants from approximately 1999 until on or about March 20, 2020.

33.     Defendants employed Plaintiff Santana as a general assistant.

34.     Plaintiff Santana regularly handled goods in interstate commerce, such as cleaning fluids and other supplies produced outside the State of New York.

35.     Plaintiff Santana's work duties required neither discretion nor independent judgment.

36.     Throughout his employment with Defendants, Plaintiff Santana regularly worked in excess of 40 hours per week.

37.     From approximately August 2014 until on or about October 2018, Plaintiff Santana worked from approximately 9:00 a.m. until on or about 6:30 p.m. to 7:00 p.m., 6 days a week (typically 57 to 60 hours per week).

38.     From approximately October 2018 until on or about March 2020, Plaintiff Santana worked from approximately 1:30 p.m. until on or about 10:00 p.m., 5 or 6 days per week (typically 42.5 to 51 hours per week).

39.     Throughout his employment, Defendants paid Plaintiff Santana his wages in cash.

40.     From approximately July 2014 until on or about December 2014, Defendants paid Plaintiff Santana $8.00 per hour.

41.     From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Santana $8.75 per hour.

42.     From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Santana $9.00 per hour.

43.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Santana $10.50 per hour.

44.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Santana $12.00 per hour.

45.     From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Santana $13.50 per hour.

46.     From approximately January 2020 until on or about March 2020, Defendants paid Plaintiff Santana $15.00 per hour.

47.     Plaintiff Santana's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48.     For example, Defendants required Plaintiff Santana to work an additional 30 minutes to 2 hours past his scheduled departure time regularly, and did not pay him for the additional time he worked.

49.     More specifically, Plaintiff Santana was only compensated for 8 hours per shift.

50.     Defendants never granted Plaintiff Santana any breaks or meal periods of any kind.

51.     Plaintiff Santana was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

52.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Santana regarding overtime and wages under the FLSA and NYLL.

53.     Defendants did not provide Plaintiff Santana an accurate statement of wages, as required by NYLL 195(3).

54.     Defendants did not give any notice to Plaintiff Santana of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

55.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Santana (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

56.     Plaintiff Santana was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57.     Defendants habitually required Plaintiff Santana to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

58.      Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59.     Defendants paid Plaintiff Santana his wages in cash.

60.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Santana (and similarly situated individuals) worked, and to avoid paying Plaintiff Santana properly for his full hours worked.

62.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Santana and other similarly situated former workers.

64.     Defendants failed to provide Plaintiff  Santana and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65.     Defendants failed to provide Plaintiff Santana and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66.      Plaintiff Santana brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67.     At all relevant times, Plaintiff Santana and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

68.     The claims of Plaintiff Santana stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

69.     Plaintiff Santana repeats and realleges all paragraphs above as though fully set forth herein.

70.     At all times relevant to this action, Defendants were Plaintiff Santana's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Santana (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

71.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards

Act. 29 U.S.C. § 203 (r-s).

73.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Santana (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74.     Defendants' failure to pay Plaintiff Santana (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75.     Plaintiff Santana (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

76.      Plaintiff Santana repeats and realleges all paragraphs above as though fully set forth herein.

77.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Santana overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78.     Defendants' failure to pay Plaintiff Santana overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

79.     Plaintiff Santana was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

80.        Plaintiff Santana repeats and realleges all paragraphs above as though fully set forth

herein.

81.        Defendants failed to provide Plaintiff Santana with a written notice, in English ,

containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,

including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name

of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; and the

telephone number of the employer, as required by NYLL §195(1).

82.        Defendants are liable to Plaintiff Santana in the amount of $5,000, together with costs

and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

83.        Plaintiff Santana repeats and realleges all paragraphs above as though fully set forth

herein.

84.        With each payment of wages, Defendants failed to provide Plaintiff Santana with an

accurate statement listing each of the following: the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer; rate or rates of pay

and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours

worked; and the number of overtime hours worked, as required by NYLL 195(3).

85.      Defendants are liable to Plaintiff Santana in the amount of $5,000, together with costs
and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Santana respectfully requests that this Court enter judgment
against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of
notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency
of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in
this action;

(b)      Declaring that Defendants violated the overtime wage provisions of, and associated
rules and regulations under, the FLSA as to Plaintiff Santana and the FLSA Class members;

(c)      Declaring that Defendants violated the recordkeeping requirements of, and
associated rules and regulations under, the FLSA with respect to Plaintiff Santana's and the FLSA
Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)      Declaring that Defendants' violations of the provisions of the FLSA were willful
as to Plaintiff Santana and the FLSA Class members;

(e)      Awarding Plaintiff Santana and the FLSA Class members damages for the amount
of unpaid overtime compensation and damages for any improper deductions or credits taken
against wages under the FLSA as applicable;

(f)      Awarding Plaintiff Santana and the FLSA Class members liquidated damages in an
amount equal to 100% of his damages for the amount of unpaid overtime compensation, and

damages for any improper deductions or credits taken against wages under the FLSA as applicable

pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiff Santana;

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiff Santana's compensation, hours, wages and any deductions or

credits taken against wages;

(i)     Declaring that Defendants' violations of the provisions of the NYLL were willful

as to Plaintiff Santana;

(j)     Awarding Plaintiff Santana damages for the amount of unpaid overtime

compensation, and for any improper deductions or credits taken against wages as applicable

(k)     Awarding Plaintiff Santana damages for Defendants' violation of the NYLL notice

and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Santana liquidated damages in an amount equal to one hundred

percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL

§ 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Santana and the FLSA Class members pre-judgment and post-

judgment interest as applicable;

(n)      Awarding Plaintiff Santana and the FLSA Class members the expenses incurred in

this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(p)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Santana demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 6, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

June 3, 2020

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Benjamin Santana

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     3 de junio 2020

*Certified as a minority-owned business in the State New York*     1